**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANGE ROAD MUSIC, INC.; et al., | No. 10-55691 |
| Plaintiffs-counter-defendants - Appellees, | D.C. No. 2:09-cv-02059-CAS-AGR |
| v. | |
| EAST COAST FOODS, INC.; et al., | MEMORANDUM[*] |
| Defendants-counter-claimants - Appellants. | |

| | |
|---|---|
| RANGE ROAD MUSIC, INC.; et al., | No. 10-55800 |
| Plaintiffs-counter-defendants - Appellees, | D.C. No. 2:09-cv-02059-CAS-AGR |
| v. | |
| EAST COAST FOODS, INC.; et al., | |
| Defendants-counter-claimants - Appellants. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and JONES, District Judge.[**]

Defendants-Appellants East Coast Foods, Inc. and Herbert Hudson (collectively, "Defendants") appeal the district court's grant of summary judgment in favor of Plaintiffs-Appellees (collectively, "Plaintiffs") for eight counts of copyright infringement, as well as the district court's award of attorney's fees and costs to Plaintiffs. We affirm.

1.     Defendants first argue that Plaintiffs' original complaint was insufficient to state a claim of vicarious liability for copyright infringement. One "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Plaintiffs' complaint contained "a short and plain statement of the claim" of vicarious infringement. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The complaint alleged "copyright infringement based on the defendants' public performances of copyrighted musical compositions," and pleaded specific facts to

---

[**]     The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

2

establish that the defendants exercised control over and financially benefitted from the performance venue.

**2.** Defendants next argue that the district court should have excluded from evidence the declaration and investigative report by Scott Greene that was the basis of Plaintiffs' case, because Greene was never certified as an expert witness.

The district court did not abuse its discretion by admitting Greene's report and declaration. Under Federal Rules of Evidence 601 and 701, Green's report and declaration contained his competent percipient witness testimony as a visitor to the Sea Bird Jazz Lounge. Identifying popular songs does not require "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702.

**3.** Defendants' third argument is that Plaintiffs were required to prove "substantial similarity" to prevail on their infringement claims.

To establish a prima facie case of copyright infringement, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "The word 'copying' is shorthand for the infringing of any of the copyright owner's [six] exclusive rights," one of which is

3

the right "to perform the copyrighted work publicly." *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir. 1989); *see also* 17 U.S.C. § 106(4).

"Substantial similarity" is thus not an element of a claim of copyright infringement. Rather, it is a doctrine that helps adjudicate whether copying of the "constituent elements of the work that are original" actually occurred when an allegedly infringing work appropriates elements of an original without reproducing it *in toto*. *See Funky Films*, 462 F.3d at 1076. A showing of "substantial similarity" is irrelevant in a case like this one, where Plaintiffs produced evidence that the copyrighted works themselves were performed.[1]

Because the ownership and validity of the copyrights at issue are not in dispute, the only remaining question is whether Defendants raised a genuine issue of material fact as to whether the copyrighted works were in fact publicly performed.

Greene's declaration and detailed investigative report were sufficient to establish that the works were publicly performed. He testified that the live band he saw perform at the Sea Bird Jazz Lounge introduced the songs they were playing

---

[1]Both the tracks played from the compact disc player and the compositions played by the live band were "performed" as that term is used in the Copyright Act. "To 'perform' a work means to recite, render, play, dance, or act it, either directly or by means of any device or process." 17 U.S.C. § 101.

as Coltrane standards and proceeded to play them. He further testified that he saw a disc jockey play four tracks from a compact disc of Hiroshima songs, the titles of which he obtained from the jewel case lying next to the compact disc player. All of this evidence was completely uncontradicted by Defendants, who proffered no evidence tending to contradict Greene's testimony that the eight copyrighted compositions at issue were publicly performed at the Sea Bird Jazz Lounge on the night he visited the venue.

The district court was correct to hold that Greene's uncontested declaration was sufficient to establish that no genuine issue of material fact existed as to whether copyright infringement occurred at the Sea Bird Jazz Lounge.

4.     Defendants next argue that neither East Coast Foods, Inc. nor Herbert Hudson can be held liable for vicarious infringement, because the Sea Bird Jazz Lounge and the adjoining Long Beach branch of Roscoe's House of Chicken and Waffles are owned by an independent corporate entity called Shoreline Foods.

To impose vicarious liability on a defendant for copyright infringement, "a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement." *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 729 (9th Cir. 2007). A defendant "exercises control over a direct infringer when he has both

5

a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Id.* at 730.

Overwhelming evidence showed that East Coast Foods and Herbert Hudson exercised control over both the Long Beach Roscoe's and the Sea Bird Jazz Lounge, and derived a financial benefit from the musical performances in the lounge. The Sea Bird Jazz Lounge displays on its premises a liquor license owned by East Coast Foods. Hudson, who is the president of both East Coast Foods and Shoreline Foods, testified that he has managerial authority over the Long Beach Roscoe's, including the power to hire and fire employees and the power to prevent acts from appearing at the Sea Bird Jazz Lounge. The manager of the Long Beach Roscoe's, Cuahtemoc Rodriguez, testified that his paychecks are issued by East Coast Foods and that he buys alcohol for both the restaurant and the lounge area. By contrast, Defendants' only evidence that they are not proper defendants is Hudson's unsubstantiated and self-serving declaration that he has never owned the Long Beach Roscoe's.

Because no genuine issue of material fact exists as to whether East Coast Foods and Hudson controlled and derived financial benefit from the infringing performances in the Sea Bird Jazz Lounge, the district court was correct to hold

that Hudson and East Coast Foods, Inc. were vicariously liable for copyright infringement.

**5.**     Defendants finally argue that the district court's award of attorney's fees and costs to Plaintiffs was an abuse of discretion.

The Copyright Act empowers courts to "award a reasonable attorney's fee to the prevailing party as part of the costs" in infringement cases. 17 U.S.C. § 505. In awarding such fees, "district courts are given wide latitude to exercise 'equitable discretion.'" *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997).

The district court identified and applied the correct legal standard, thoroughly considered both parties' arguments, and articulated a reasoned explanation for its fee award. Defendants could have avoided liability by purchasing a valid license at any point during the seven years in which the American Society of Composers, Authors, and Publishers importuned them to do so. Moreover, much of the fees and costs were occasioned by Defendants' own obfuscation of the corporate structure of Roscoe's. The district court did not abuse its discretion in awarding fees and costs to Plaintiffs.

**AFFIRMED.**